Dkake, Ch. J.,
dissenting:
I cannot concur in the opinion just read. Having at the present term of the court, in the case of John A. Thompson & Co., fully expressed my views in regard to transactions by the officers of the Quartermaster Department of the Army of the Cumberland, which were very similar to those shown in this case, I do not deem it necessary now to go over the same ground at length, but will merely state the points which constrain me to differ from the conclusions reached by the majority of the court.
1. There was no contract between the claimant and the defendants, executed in the manner prescribed by the first *299 section of tbe Act June 2,1862, (12 Stat. L., p. 111.) When the claimant proposed to Assistant Quartermaster De Wolf to furnish 500,000 bushels of corn at Cairo, and De Wolf accepted the proposition, the proposal and acceptance did not make a contract between the claimant and the United States, but merely furnished the basis for such a contract, “to be reduced to writing, and signed by the contracting parties, with their names at the end thereof,” as required by said act. (Henderson’s Case, 4 C. Cls. R., p. 75; Lindsley’s Case, ibid., p. 359; Adams’s Case, 7 ibid., p. 437; Lender’s Case, ibid., p. 530.)
2. If there was an “ emergency requiring the immediate procurement of supplies,” that did not authorize a contract which was to run through a period of more than three months. (Henderson’s Case, ut supra; Emery & Blake’s Case, 4 C. Cls. R., p. 401.)
This brings to view the essential difference between this case and that of Cobb, Christy & Co., (7 C. Cls. R., p. 470.) There the forage was required to be furnished “ immediately and at all events,” and the contractors “ proceeded immediately, and delivered forage promptly and without any delay.” Here, however, nothing was required to be delivered immediately; it was a clear case of contracting for future supples, without advertisement for proposals, and without any direct authority from the commanding general of the army to enter into such a contract.
In my view the claimants are not entitled to recover.